UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RADIAH S. THOMPSON,

       Plaintiff,

   v.

THE PERMANENTE MEDICAL GROUP, INC.,

       Defendant.

_____/

No. C-12-1301 EMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**

**(Docket No. 13)**

## I.  INTRODUCTION

Plaintiff Radiah S. Thompson filed suit against the Permanente Medical Group ("TPMG"), alleging violations of the collective bargaining agreement ("CBA") between TPMG and Plaintiff's union arising from Plaintiff's employment termination.  Defendant TPMG has filed a motion to dismiss for failure to state a claim, arguing that § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), governs her claims and requires Plaintiff to exhaust her remedies under the CBA before filing suit.  Docket No. 13.  That motion is pending before the Court.  For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss and grants Ms. Thompson leave to amend her complaint.

## II.  DISCUSSION

A.   Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint or counterclaim, facilitating dismissal to the extent the pleading fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short

**United States District Court**
For the Northern District of California

1   and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

2   defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*

3   *v. Twombly*, 550 U.S. 544, 554 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  The pleading is construed

4   in the light most favorable to the non-moving party and all material allegations in it are taken to be

5   true.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir.1986).

6        However, even under the liberal pleading standard of Federal Rule of Civil Procedure

7   8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

8   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

9   *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and

10  quotation marks omitted)).  Hence, the Court need not assume unstated facts, nor will it draw

11  unwarranted inferences. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("Determining whether a

12  complaint states a plausible claim for relief . . . [is] a context-specific task that requires the

13  reviewing court to draw on its judicial experience and common sense."); *Cousins v. Lockyer*, 568

14  F.3d 1063, 1067 (9th Cir. 2009).

15       Under *Twombly*, a plaintiff (or counterclaimant) must not merely allege conduct that is

16  conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its

17  face."  550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that

18  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

19  alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is

20  not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant

21  has acted unlawfully. . . .  When a complaint pleads facts that are merely consistent with a

22  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

23  relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted).  In sum, if the

24  facts alleged foster a reasonable inference of liability - stronger than a mere possibility - the claim

25  survives; if they do not, the claim must be dismissed.  *See Iqbal*, 129 S. Ct. at 1949-50.

26       Ordinarily, a pro se complaint will be liberally construed and held to less stringent standards

27  than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The pro

28  se complaint will be dismissed only if it appears "beyond a reasonable doubt that the plaintiff can

United States District Court

For the Northern District of California

1    prove no set of facts in support of his claim which would entitle him to relief." *Pena*, 976 F.2d at

2    471 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  As the Ninth Circuit has recently

3    clarified, courts "continue to construe pro se filings liberally when evaluating them under *Iqbal*.

4    While the standard is higher, our 'obligation' remains, 'where the petitioner is pro se, particularly in

5    civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any

6    doubt.'"  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d

7    1026, 1027 n.1 (9th Cir. 1985) (en banc)).  However, the Court may not "supply essential elements

8    of the claim that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d

9    266, 268 (9th Cir. 1982); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam)

10   ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of

11   procedure.").

12   B.    Motion to Dismiss

13         1.    Exhaustion

14         Plaintiff's breach of contract claim derives from her CBA.  She claims she was terminated

15   without just cause in violation of the CBA.  Her claim is therefore governed by federal law. *See*

16   *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("A suit for breach of a

17   collective bargaining agreement is governed exclusively by federal law under section 301.").

18         Generally, a plaintiff must pursue her claims first through the CBA's mandatory grievance

19   and arbitration procedures before filing suit in this Court.  *See Republic Steel Corp. v. Maddox*, 379

20   U.S. 650, 652-53 (1965); *Herman v. United Broth. of Carpenters & Joiners of Am., Local Union No.*

21   *971*, 60 F.3d 1375, 1380 (9th Cir. 1995).  Plaintiff admits in her amended complaint that she has

22   filed a grievance under the CBA and that said grievance is still pending.  Am. Compl. ¶¶ BC-1,

23   BC-2 (stating that no resolution has been reached on her grievance despite promises from Union

24   representatives).  Defendant confirms that a grievance has been filed, and that the grievance has

25   been referred to arbitration.  Eller Decl., Ex. B.  The CBA states that all disputes concerning

26

27

28

discharge are subject to an exclusive grievance and arbitration procedure.  Eller Decl., Ex. A (CBA), Art. XXIII, §§ 1-2).[1]

> 2.   Exception to Exhaustion – Breach of the Union Duty of Fair Representation

However, there is an exception to the general rule that Ms. Thompson must pursue her claims first through arbitration"if the union breaches its duty of fair representation."  *Herman*, 60 F.3d at 1380.  As *Herman* explains,

> A union breaches that duty if its actions in resolving a union member's claim are "arbitrary, discriminatory, or in bad faith" toward that member.  *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).  This standard may be met when the union "arbitrarily ignores a meritorious grievance or processes it in a perfunctory fashion."  *Eichelberger v. NLRB*, 765 F.2d 851, 854 (9th Cir.1985); *accord Vaca*, 386 U.S. at 191.

*Herman*, 60 F.3d at 1380.

It is not clear from Plaintiff's amended complaint and opposition to this motion whether Plaintiff alleges that the union has breached its duty of fair representation.  Although she does not explicitly so allege, she states in her complaint that her union representative had told her the issue would be resolved and she would have her job back by June 15, 2011, but that "no resolution was reached."  Am. Compl. ¶ BC-2.  She further alleges that the issue remains unresolved as of January 18, 2012, and that the union has not contacted her as promised on December 6, 2011.  *Id.*  In addition, at oral argument, Ms. Thompson told the Court that she had not heard from the union since December of 2011, despite the fact that Defendant had been informed of an apparent arbitration date for Plaintiff's claims that had been set for May 23, 2012.  *See* Eller Decl., Docket No. 25, ¶ 2 (stating that an arbitration date had been set for May 23, 2012, but that Plaintiff's union had since withdrawn the grievance).  Given these facts, Plaintiff may be able to amend her complaint to show that the union has not represented her fairly by "arbitrarily ignor[ing] a meritorious grievance or process[ing] it in a perfunctory fashion."  *Eichelberger*, 765 F.2d at 854.

---

[1]  Defendant's Request for Judicial Notice is **GRANTED**.  Fed. R. Evid. 201(b); *see Young*, 830 F.2d at 997 (district court properly considered the applicable CBA).

**United States District Court**
For the Northern District of California

Accordingly, the Court will grant Plaintiff leave to amend her complaint.  In addition to the facts Plaintiff alleged in her first complaint, the new complaint must add detailed and specific facts regarding the union's representation of Plaintiff in her grievance proceedings.

Specifically, Plaintiff should, to the extent possible, explain in her amended complaint what efforts she took to attempt to pursue her claims through the union's grievance process, such that any further exhaustion could be excused.  *See, e.g.*, *Ayala v. Pac. Mar. Ass'n*, C 08-0119 TEH, 2008 WL 1886021, at *6 (N.D. Cal. Apr. 25, 2008) ("Evidence that Plaintiffs attempted to exhaust grievance procedures but '[t]heir objections went unheeded' is sufficient to show exhaustion; '[a]n employee is not required to do more than that.'") (quoting *Seay v. McDonnell Douglas Corp.*, 427 F.2d 996, 1001-1002 (9th Cir.1970)); *see also Dean v. Trans World Airlines, Inc.*, 924 F.2d 805, 810 (9th Cir.1991) ("Repeated complaints to the Union suffice to excuse exhaustion when the union controls grievance procedures").

For example, the court in *Ayala* found the following facts sufficient to excuse exhaustion:

> It is clear that Plaintiffs repeatedly tried to exhaust the grievance procedures set out in the [CBA]. Local 10 sent a letter on their behalf in May, 2007, requesting that the Joint Port LRC consider their transfer request. Plaintiffs sent another letter requesting a decision by the Joint Port LRC in July 2007, but received no response. They sent an "appeal" to the Joint Coast LRC in September, 2007, which was resubmitted to the Joint Port LRC in October 2007, but they still received no response. Just as in *Herman*, the union let Plaintiffs' grievance "languish in limbo," despite "continual prodding" from Plaintiffs and their attorney, and "failed to offer any explanation"-a course of conduct the Ninth Circuit has found "highly arbitrary." *Herman*, 60 F.3d at 1380. There is no question that Plaintiffs have adequately exhausted the grievance procedures set out in the [CBA]. Plaintiffs are not required to make any more attempts to exhaust than they have already made.

*Ayala*, 2008 WL 1886021 at *6 (citing *Herman*, 60 F.3d at 1380 (9th Cir. 1995) (finding plaintiff did not need to exhaust when the union had initially pursued the grievance and then stopped without explanation, despite the plaintiff's and her attorney's continual attempts to get the union to act)).

Thus, Plaintiff should explain in her amended complaint what has occurred at each step of her grievance proceedings, what she did to attempt to exhaust her remedies and work with the union, and what the current status is of the proceedings, so that the Court can determine whether Plaintiff has exhausted her remedies under the CBA and, if not, whether she can state a claim that the union

United States District Court

For the Northern District of California

1  has breached its duty of fair representation.  Ms. Thompson indicated at the hearing that she has not

2  heard from the union since December, but she has not explained if and when she has attempted to

3  get in contact with the union during this time or at any time during the grievance process.  If Ms.

4  Thompson "can state facts sufficient to [state a claim] as to whether her union breached its duty of

5  fair representation, then she may proceed . . . on her breach of contract action against her employer,

6  even though she has elected not to join her union as a party."  *Herman*, 60 F.3d at 1380.

7         3.    <u>Application of the CBA</u>

8        In addition, Plaintiff argued in her opposition to the motion to dismiss that she was no longer

9  a member of the union at the time she was terminated.  *See* Opp. at 4-5.  She stated at oral argument

10  that the union had informed her she was no longer a member.  However, those allegations are not

11  contained in her complaint; to the contrary, her complaint alleges breach of the CBA.  *See* Am.

12  Compl. ¶ BC-1; CBA Art. V.

13        Generally, whether Plaintiff was a member of the union in good standing does not control

14  whether the CBA, and hence § 301, applies to her claims.  *See Painting & Decorating Contractors*

15  *Ass'n of Sacramento, Inc. v. Painters & Decorators Joint Comm. of E. Bay Counties, Inc.*, 707 F.2d

16  1067, 1071 (9th Cir. 1983) ("Section 301(a) does not contain any requirement that the parties to an

17  action brought thereunder must also be the parties to the allegedly breached contract. . . . Jurisdiction

18  exists as long as the suit is for violation of a contract between a union and employer even if neither

19  party is a union or an employer.") (internal citations and quotation marks omitted); *see also, e.g.*,

20  *Vaca v. Sipes*, 386 U.S. at 177 (union has "statutory duty fairly to represent all of those employees");

21  *Abilene Sheet Metal, Inc. v. National Labor Relations Board*, 619 F.2d 332, 347 (5th Cir.1980)

22  ("The Union's duty to represent extended to all members of the bargaining unit, not just to members

23  of the Union."); *Port Drum Co. (Oil, Chem. & Atomic Workers, Local 4-23)*, 170 NLRB 555 (1968)

24  (stating that union violated Section 8(b)(1)(A) of NLRA by not proceeding to arbitration on a

25  grievance by a non-union member).  In addition, as the parties noted at oral argument, Plaintiff's

26  union appears to have initiated the grievance procedures required by the CBA and, based on her

27  statements, Plaintiff appears to have received at least some representation from the union regarding

28  her grievance.

**United States District Court**
For the Northern District of California

1     Therefore, even if Plaintiff is correct that she is no longer a member of the union, if she seeks

2   to assert a breach of the CBA, the CBA applies and she must still include the facts described above

3   in her amended complaint to explain how she meets the requirements for exhaustion and how the

4   union breached its duty of fair representation.

5                              **III.   CONCLUSION**

6     For Ms. Thompson's benefit, the Court directs her attention to the Handbook for Pro Se

7   Litigants, which is available along with further information for the parties on the Court's website

8   located at http://cand.uscourts.gov/proselitigants.  Ms. Thompson may also contact the Legal Help

9   Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782-9000 extension

10  8657, for free legal advice regarding her claims.

11    For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** with leave to

12  amend.  Plaintiff is directed to file an amended complaint no later than July 31, 2012.

13    This Order disposes of Docket No. 13.

14

15    IT IS SO ORDERED.

16

17  Dated:  May 29, 2012

18                                 _____
                                   EDWARD M. CHEN
19                                 United States District Judge

20

21

22

23

24

25

26

27

28