United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADIAH S. THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PERMANENTE MEDICAL GROUP, INC.,<br><br>    Defendant.<br>_____/ | No. C-12-1301 EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**(Docket No. 33)** |

## I. INTRODUCTION

Plaintiff Radiah Thompson filed suit against The Permanente Medical Group ("TPMG"), alleging "discriminatory retaliation" arising from Ms. Thompson's termination and Defendant TPMG's subsequent refusal to rehire her after her initial termination. Docket No. 32. Defendant filed a motion to dismiss for failure to state a claim on two separate grounds: first, that Plaintiff makes conclusory claims of discrimination and retaliation by TPMG, and second, that Plaintiff has failed to exhaust her administrative remedies under the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900, *et seq.* Docket No. 33. That motion is pending before the Court. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.

## II. DISCUSSION

A    <u>Legal Standard</u>

A motion to dismiss under Rule12(b)(6) tests the sufficiency of a complaint or counterclaim, facilitating dismissal to the extent the pleading fails to state a claim upon which can be granted.

Fed. R. Civ. P. 12(b)(6). Rule 8 pleading standards require only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the... claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (internal quotations omitted); Fed. R. Civ. P. 8(a)(2). The pleading is construed in the light most favorable to the non-moving party and all material allegations in it are taken to be true. *Sanders v. Kennedy*, 749 F. 2d 478, 481 (9th Cir. 1986).

However, even under the liberal Rule 8 pleading standards, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal brackets and quotation marks omitted). The Court need not assume unstated facts nor draw unwarranted inferences. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A party must not merely allege conduct that is conceivable, but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. In sum, if the facts alleged foster a reasonable inference of liability – stronger than a mere possibility – the claim survives; if they do not, the claim must be dismissed. *Id.* at 1949-50.

Ordinarily, a pro se complaint will be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The pro se complaint will be dismissed only if it appears "beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pena v. Gardner*, 967 F.2d 469, 471 (9th Cir. 1992) (internal citations omitted). The Ninth Circuit has recently clarified that courts "continue to construe pro se filings liberally when evaluating them under Iqbal…. [O]ur 'obligation' remains, 'where the petitioner is pro se…to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). However, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Ghazali v.*

*Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.")

B. <u>Motion to Dismiss</u>

    1. <u>Exhaustion - Timely Filing</u>

        a. <u>Claims for Discriminatory and Retaliatory Termination of Employment</u>

In its motion to dismiss, Defendant construed Plaintiff's allegations of "discriminatory retaliation" as constituting "two causes of action under FEHA. One claim for disability discrimination and one for retaliation based upon her disability (sic)." Docket No. 33. Plaintiff does not dispute this framework, and the Court adopts it in its review.

As a general and well-settled rule, "[a] jurisdictional prerequisite to bringing a civil action under FEHA is exhausting the administrative remedies provided by law." *Beale v. GTE California*, 999 F. Supp. 1312, 1319 (C.D. Cal. 1996) aff'd sub nom. *Beale v. GTE-California*, 141 F.3d 1173 (9th Cir. 1998) (quoting *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1121 (1989)). Those requirements include a timely filing with the Department of Fair Employment and Housing ("DFEH") and the receipt of a right-to-sue letter, issued by the DFEH. *Morgan v. Regents of University of Cal.*, 88 Cal. App. 4th 52, 63 (2000). As to timing, "no [DFEH] complaint may be filed after the expiration of one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred." Cal. Gov. Code § 12960(d). "[T]he administrative cause of action must accrue, and the statute of limitations must run *from the time of actual termination*." *Romano v. Rockwell*, 14 Cal. 4th. 479, 493 (1996)) (emphasis added).

Plaintiff was terminated from her employment with TPMG on September 11, 2009. Docket No. 35. She did not file her grievance with the DFEH until January 4, 2012 - nearly 28 months after the date of her termination. This is well outside the one-year period required by FEHA. *See* Cal. Gov. Code § 12960(d). Plaintiff thus failed to timely exhaust the requisite administrative remedies under FEHA for her termination, and is jurisdictionally barred from bringing these FEHA claims against TPMG. *See Beale v. GTE California*, 999 F. Supp. at 1319.

///

///

b. Claim for Failure to Rehire

Plaintiff is also jurisdictionally barred from bringing a FEHA claim for failure to rehire. In her Opposition, Plaintiff argues that her employer's ongoing "refus[al] to engage in good faith discussions about returning plaintiff to work" was part of the discriminatory action Plaintiff alleged in her DFEH grievance. Docket No. 35. She states that she "and her union persistently raised the issue of re-instatement with employer, but employer refused to re-instate plaintiff because of her disability." *Id* (emphasis added). In its Reply, Defendant "infers that her argument, taken as a whole, suggests that Plaintiff is attempting to articulate a continuing violation theory." Docket No. 36. In addition to a continuing violation theory, Plaintiff's assertion is an attempt to state an additional claim for failure to rehire, independent of her claims for discriminatory and retaliatory termination. The Court finds that neither theory supports Plaintiff's claims, and dismisses them both in turn.

The Ninth Circuit has held that a failure to rehire after an alleged discriminatory firing does not constitute "a new and separate discriminatory act or somehow render[] the initial violation, if any, a continuing one. In this context, a request for reinstatement is wholly different from a new application for employment [in that] it seeks to redress the original termination." *Collins v. United Air Lines, Inc.*, 514 F.2d 594, 596 (9th Cir. 1975). In *Collins*, a United Airlines flight attendant ("Collins") brought suit against her former employer for its failure to rehire her after her initial termination. Collins alleged that the decision was based on the employer's allegedly unlawful practice. *Id.* at 595. At no point did she file a union grievance or a complaint with the Equal Employment Opportunity Commission ("EEOC") or applicable state agency to redress her initial termination. *Id.* Over four years after the discharge, Collins sought re-instatement and was refused. *Id.* She then filed a grievance for discrimination with the EEOC within the statutorily required period after the alleged unlawful conduct, claiming that it was timely filed because "the alleged violation is a continuing one." Collins asserted that United's refusal to rehire alone constituted discriminatory conduct falling within the then-existent 90-day statutory period in which to file administrative grievances. *Id.* She sought to be reinstated to "full status as stewardess, with full seniority and back pay." *Id.* at 596.

4

1  The Ninth Circuit found that Collins' "continuing nonemployment" was not itself a violation of the Civil Rights Act, but rather "merely [the] effect[]" of her original termination. *Id.* "Were we to hold otherwise, we would undermine the significance of the Congressionally mandated 90-day limitation period." *Id.* The court similarly held against Collins on her claim that the initial forced retirement was a "continuing [violation]" by way of United's refusal to rehire, declining to find "that United's denial of her request for reinstatement…was a new and separate discriminatory act or somehow rendered the initial violation, if any, a continuing one." *Id.* Quoting *NLRB v. Textile Machine Works*, 214 F.2d 929, 932 (3d Cir. 1954), *Collins* noted, "A discharged employee who seeks to be reinstated is really litigating the unfairness of his original discharge because only if the original discharge was discriminatory is he entitled to be reinstated as if he had never ceased working for the employer." *Id.* at 596-97. *See Tudyman v. United Airlines*, 608 F. Supp. 739, 747 (C.D. Cal. 1984) (a request for reinstatement is not a new and separate violation).

When construing FEHA, federal law under Title VII is instructive. *See Kelley v. Conco Companies*, 196 Cal. App. 4th 191, 202 n.7 (2011) ("[b]ecause FEHA is considered a counterpart of the federal antidiscrimination statute, federal decisions construing the latter may be relied on when interpreting FEHA." (internal citations omitted)); see also *Juell v. Forest Pharmaceuticals, Inc.,* 456 F. Supp 2d 1141 (E.D. Cal. 2006) (recognizing that, because the policy objectives of FEHA and Title VII are identical, California courts refer to applicable federal decisions where appropriate); *Easton v. Crossland Mortg. Corp*., 905 F. Supp 1368 (C.D. Cal 1995) (establishing that Title VII and FEHA are treated by California courts as analogous). Where California law has addressed the particular FEHA question presented here, it has relied on *Collins* for guidance. *See Brundage v. Hahn*, 57 Cal. App. 4th 228, 238 (1997) (citing to *Collins* at 596) (noting, in the context of a plaintiff's suit under FEHA for both unlawful termination and subsequent failure to rehire, that "to the extent [Plaintiff's] request for reinstatement is simply an attempt to relitigate the termination decision, its denial does not constitute a new discriminatory act and is therefore not actionable.").[1]

---

[1] Plaintiff's claim is unlike the claims for failure to rehire recognized by California courts as separate causes of action under FEHA, such as they exist. Courts recognize that a failure to rehire claim constitutes an independent violation under FEHA where the violation is rooted in a right distinct from that provided by FEHA alone. *See Northern Inyo Hosp. v. Fair Emp. Practice Com.*,

5

Here, as in *Collins*, Defendant's refusal to rehire was not "a new and separate discriminatory act," but rather merely "the effect of the original termination." *See id.* at 596. Plaintiff was terminated from employment with TPMG in September of 2009, and sought reinstatement to her job through conversations with her union. Plaintiff, in seeking reinstatement to her old position, is effectively seeking "to redress the original termination." *Burnam v. Amoco Container Co.*, 755 F.2d 893, 894-95 (11th Cir. 1985)(citing *Collins*, 514 F.2d at 596). Because she "cannot relitigate the termination decision, its denial does not constitute a new discrimination act," *Brundage*, 57 Cal. App. 4th at 238, and thus her DFEH claim is not timely.

While the Ninth Circuit in *Josephs v. Pac. Bell*, 443 F.3d 1050, 1060 (9th Cir. 2006) recently recognized a "discriminatory failure to reinstate as a separately actionable claim," *Josephs* is inapplicable. *Josephs* reasoned that "*Collins* is distinguishable from the facts of Josephs' claim because *new elements of unfairness, not existing at the time of the original violation*, attached to denial of re-employment." *Id.* at 1060 (emphasis added) (internal citation and quotation marks omitted). In *Josephs*, the Plaintiff originally claimed that his termination was discriminatory on the basis of his prior criminal convictions. *Id.* at 1054. He then asserted as a basis for denial of reinstatement "new element of unfairness" – perception that he was mentally ill this new a facet of his refusal to rehire claim was not present in his initial claim for discriminatory discharge.

Here, Plaintiff predicates her claim for refusal to rehire and the same basis as her challenge to her termination. *See* Docket No. 35 ("Plaintiff and her union persistently raised the issue of re-instatement with employer, but employer refused to re-instate plaintiff because of her disability."). She does not allege, nor does the record support, the presence of a "new element[] of unfairness, not existing at the time of the original violation" which "attached to denial of reemployment." *Josephs*, 443 F. 3d at 1060.

---

38 App. 3d 14, 19 (Ct. App. 1974) (recognizing a separate cause of action under FEHA for failure to rehire where plaintiff was denied reinstatement after a protected medical leave); *cf. Morgan v. Regents of the University of California,* 88 Cal. App.4th 52, 74 (2000) (recognizing a refusal to rehire as a discrete adverse employment action where the refusal took place in alleged violation of the plaintiff's preferential rehire rights).

6

1 For the foregoing reasons, Plaintiff failed to timely file an administrative grievance with regards to her failure to rehire claim, and is thus jurisdictionally barred from bringing it before the court.

The Court notes that Plaintiff has not argued that she is eligible for an application of the equitable tolling doctrine. *See McDonald v. Antelope Valley Cmty. Coll. Dist*., 45 Cal. 4th 88, 99 (2008); *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 102 (1983).

Because the Court finds that Plaintiff is jurisdictionally barred from bringing claims for the underlying termination and the later refusal to hire, we do not reach Defendant's argument for dismissal based on Plaintiff's failure to specify facts supporting her complaint.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** without prejudice.

If Plaintiff believes she has grounds for alleging facts that would avoid the bar of the statute of limitations, she may file an amended complaint within 30 days of the date of this order. Any complaint must comply with Fed. R. Civ. P. 11. If no amended complaint is filed within 30 days, the dismissal herein shall be deemed to be with prejudice.

Ms. Thompson may seek advice from the Legal Help Center. For Ms. Thompson's benefit, the Court has appended to this order a flyer containing information about the Legal Help Center. A copy of the Handbook for Litigants Without a Lawyer is available at the Clerk's Office and on the Court's website – http://cand.uscourts.gov and more specifically, http://cand.uscourts.gov/proselitigants.

This order disposes of Docket No. 33.

IT IS SO ORDERED.

Dated: October 3, 2012

_____
EDWARD M. CHEN
United States District Judge