UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RADIAH S. THOMPSON,

       Plaintiff,

      v.

PERMANENTE MEDICAL GROUP, INC,
et al.,

       Defendants.

Case No.  12-cv-01301-JST

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTIONS TO DISMISS**

Re: ECF Nos. 62 & 65.

## I.    INTRODUCTION

Plaintiff Radiah S. Thompson has filed a Second Amended Complaint ("SAC")[1] against Defendants The Permanente Medical Group ("TPMG") and SEIU, United Healthcare Workers - West ("UHW").  ECF No. 59.  In the SAC, Plaintiff claims that Defendant UWH breached its duty of fair representation, and that Defendant TPMG breached its contractual duties, discriminated against her in violation of the Americans with Disabilities Act ("ADA"), and was negligent towards her. [2]  Defendants have each filed separate motions to dismiss.  ECF Nos. 62 & 65.

The Court noticed this matter for a hearing on April 11, 2013, but Plaintiff did not appear, and so, with defendants' consent, the Court took the matter under submission without oral argument.   Having carefully considered the papers, the Court hereby GRANTS IN PART AND DENIES IN PART Defendant TPMG's motion to dismiss, and GRANTS Defendant UHW's motion to dismiss.

---

[1] The complaint is entitled merely "Amended Complaint."  ECF No. 59.  The Court refers to it as the Second Amended Complaint to distinguish it from the First Amended Complaint filed on July 27, 2012.  ECF No. 32.

[2] Plaintiff also claims that both defendants "were fraudulent and handled Ms. Thompson's grievance in the following perfunctory manner."  SAC, 13:4-6.  The Court construes this an additional allegation in support of Plaintiff's causes of action for breach of the duty of fair representation and breach of contract, and not as a separate cause of action for fraud.

United States District Court
Northern District of California

## II.    BACKGROUND

### A.    Factual Background and Procedural History

The Court draws the following facts from Plaintiff's Second Amended Complaint, and construes them in the light most favorable to Plaintiff.  ECF No. 59.

Plaintiff was an employee of Defendant TPMG from August 28, 1999 to August 28, 2009, and, as required by her employment, a member of Defendant UHW.  SAC, at 4:6.  Plaintiff was terminated from her employment on September 11, 2009, after having been suspended pending an investigation of her having committed "HR compliance violation and workflow infractions" in violation of "Appointment and Advice Call Center usage policy."  Id. at 4:18-5:3.

Defendant pursued a grievance action regarding her termination, which UHW "found merit" in, and pursued an arbitration action on Plaintiff's behalf regarding her termination.  Id. at Exhibit 1, pp. 17-18.  On January 14, 2010, Plaintiff was advised by e-mail that her grievance was going to arbitration.  Id. at 5:4-6.  Thereafter, Plaintiff experienced difficulty communicating with representatives of UHW.  She was given "false hope" of getting her job back, and then could not reach the UHW representatives to which she had been referred.  Id. at 5:7-11, 5:26-6:3, & 6:24.  A UHW representative advised Plaintiff to write an apology letter to Defendant TPMG, and then after the letter was written a different official advised her that she should not have written such a letter.  Id. at 7:1.

Plaintiff filed a complaint against Defendant TPMG in Solano County Superior Court in January 2012, and filed an amended complaint ("the Removed Complaint") on February 6, 2012.  ECF No. 1.  Defendant TPMG removed the case to federal court on March 15, 2012.  Id.

As late as April 6, 2012, Plaintiff's grievance was scheduled for arbitration in May 2012.  SAC, at p.19.  However, on April 24, 2012, Defendant UHW withdrew Plaintiff's grievance.  SAC, at p. 20.

The Court granted Defendant TPMG's motion to dismiss the Removed Complaint in May 2012, after concluding that Plaintiff was required to exhaust the dispute resolution remedies of her union's collective bargaining agreement before bringing a claim against TPMG.  ECF No. 27.  In July, Plaintiff filed a First Amended Complaint ("FAC"), adding UHW as Defendant.  ECF No.

2

32.  The Court granted both Defendants' separate motions to dismiss, on October 3 and December 3.  ECF Nos. 48 & 55.  In its Order granting UHW's motion to dismiss, the Court gave Plaintiff until December 31, 2012 to file an amended complaint, but warned Plaintiff that "the Court [would] not [be] inclined to grant any further leave to amend."  ECF No. 55, at 13:3.

When Plaintiff did not file an amended complaint as ordered, the Court issued judgment in favor of Defendants on January 8, 2013.  ECF No. 56.  However, on January 15, 2013, after Plaintiff objected that she had not received the Court's order, the Court vacated its January 8th Order and provided Plaintiff another opportunity to file an amended complaint by February 15, 2013.  ECF No. 57.  On February 15, Plaintiff filed her Second Amended Complaint.  ECF No. 59.  Defendants filed separate motions to dismiss, which the Court now considers.  ECF Nos. 62 & 65.

### C.    Legal Standard

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  Dismissal is also proper where the complaint alleges facts that demonstrate that the complaint is barred as a matter of law.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiffs' obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).   "To be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) cert. denied, 132 S.

1  Ct. 2101 (U.S. 2012).  "The factual allegations that are taken as true must plausibly suggest an

2  entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the

3  expense of discovery and continued litigation."  Id.  To survive a motion to dismiss, a pleading

4  must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" to

5  support the allegations.  Twombly, 550 U.S. at 556.

6          A pro se complaint will be liberally construed and held to less stringent standards than

7  formal pleadings drafted by lawyers.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  A pro se

8  complaint will be dismissed only if it appears "beyond a reasonable doubt that the plaintiff can

9  prove no set of facts in support of his claim which would entitle him to relief."  Pena v. Gardner,

10  967 F.2d 469, 471 (9th Cir. 1992) (internal citations omitted); see also Hebbe v. Pliler, 627 F.3d

11  338, 342 (9th Cir. 2010) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027, n.1 (9th Cir. 1985) (en

12  banc)) ("our 'obligation' remains, 'where the petitioner is pro se . . . to construe the pleadings

13  liberally and to afford the petitioner the benefit of any doubt").  However, the Court may not

14  "supply essential elements of the claim that were not initially pled."  Ivey v. Bd. of Regents of the

15  Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Ghazali v. Moran, 46 F.3d 52, 54 (9th

16  Cir. 1995) (per curiam) ("Although we construe pleadings liberally in their favor, pro se litigants

17  are bound by the rules of procedure").

18          **D.      Jurisdiction**

19          Section 301 of the Labor Management Relations Act ("LMRA") grants federal district

20  courts original jurisdiction over claims for violations of contracts between an employer and a

21  union.  28 U.S.C. § 185(a).  Resolving this claim requires an interpretation of a collective

22  bargaining agreement.  See Associated Builders & Contrs. v. Local 301 IBEW, 109 F.3d 1353,

23  1356 (9th Cir. 1997).  Therefore, since this case is founded on a claim arising under federal law,

24  jurisdiction is proper under 28 U.S.C. § 1331.

25  **III.    UHW'S MOTION TO DISMISS**

26          Plaintiff alleges that Defendant UHW breached its duty of fair representation.  SAC at

27  6:12.  Defendant moves to dismiss on the grounds that Plaintiff has failed to allege sufficient facts

28  to state a claim.  UHW's Motion to Dismiss ("UWH Mot."), ECF No. 62, at 6:2.

United States District Court
Northern District of California

United States District Court
Northern District of California

Under the LMRA, "as the exclusive bargaining representative of the workers, the union 'has a duty to exercise [its] power in their interest and behalf.'" <u>Simo v. Union of Needletrades, Indus. & Textile Employees, Sw. Dist. Council</u>, 322 F.3d 602, 611 (9th Cir. 2003) (quoting <u>Air Line Pilots Ass'n, Int'l v. O'Neill</u>, 499 U.S. 65, 74 (1991)) (internal quotations omitted). "A union breaches its duty of fair representation when it acts in a way that is 'arbitrary, discriminatory, or in bad faith.'" <u>Vaca v. Sipes</u>, 386 U.S. 171, 190 (1967). Mere negligence on the part of the union does not constitute a breach of duty. <u>Peterson v. Kennedy</u>, 771 F.2d 1244, 1253 (9th Cir. 1985). A union's actions may constitute arbitrary conduct if it simply ignores a meritorious claim or gives it only perfunctory handling, if it fails to conduct even a minimal investigation of a grievance, or if its actions evince "reckless disregard" for the rights of the employee. <u>Peterson</u>, 771 F.2d at 1254.

The facts pled in the SAC do not establish that Defendant UHW breached its duty. Most of the allegations demonstrate, at most, that UHW representatives sometimes failed to communicate with Plaintiff during the grievance process. SAC, at 5:7, 5:19, 5:26, 6:2 & 9:19. Another series of allegations establish, at most, that Defendant UHW terminated her grievance after initially finding it meritorious. <u>Id.</u> at 6:14 & 6:20. All of these allegations were made in the FAC. For the same reasons discussed in the Court's order granting UWH's motion to dismiss the FAC, this Court finds that these factual allegations are insufficient to establish a claim that UHW breached its duty of fair representation. <u>See</u> ECF No. 55. A union has wide discretion in deciding whether to pursue a grievance complaint, and need not pursue it to the end of the procedure. <u>See</u> <u>Peterson</u>, 771 F.2d at 1253; see also <u>Local 13, Int'l. Longshoremen's & Warehousemen's Union v. Pac. Mar. Ass'n</u>, 441 F.2d 1061, 1096 n. 11 (9th Cir. 1971). As the Court concluded in its earlier order, UHW did apparently take a number of actions to pursue the grievance and did not simply ignore it. ECF No. 55, at 10:4-13. In addition, even a serious lack of communication does not state a claim for breach of the duty of fair representation unless Plaintiff has suffered some legally cognizable prejudice as a result. <u>Robesky v. Qantas Empire Airways Ltd.</u>, 573 F.2d 1082, 1091 (9th Cir. 1978). Plaintiff alleges that she suffered harm while "waiting on a resolution of her job and back pay," but this does not establish that the failure to communicate caused her that harm.

1    SAC, at 7:14-15.[3]

2         There are only a few factual allegations new to the SAC.  First, Plaintiff argues that a

3    UHW representative initially advised her to write an apology letter to her employer and then, after

4    she did, a different representative told her that she should not have done so.  SAC, at 7:2-9.  Even

5    assuming that this was poor advice, it does not rise to the level of bad faith that constitutes a

6    breach of the duty of fair representation.  See Peterson, 771 F.2d at 1253.  In addition, Plaintiff

7    also makes a number of very general allegations about the practices of the union, such as that

8    UHW "did not value member dues, instead used membership dues as financial gain and political

9    recognition."  SAC, at 13:10-11.  These general allegations provide no specific support for her

10   contention that Defendant UHW breached their duty to fairly represent her in the grievance

11   process.

12        Finally, Plaintiff alleges that, at the Court's hearing on the motion to dismiss the FAC,

13   UHW's attorney Yuri Gottesman stated that UHW's reason for not pursuing her grievance was

14   "not enough money" [sic].  SAC, 9:1.  That is not what Mr. Gottesman said; he actually said that

15   the "only . . . factor in determining whether to go forward on this case was the likelihood of

16   success on the merits."  Transcript of Proceedings, November 9, 2012, ECF No. 78, at 16:21-23.[4]

17   Mr. Gottesman said that the union's limited resources were one of the reasons for the delay in

18   Plaintiff's case, and he stated that *other* unions might not go to arbitration because of inadequate

19   funding, but he never stated that a lack of money was a reason that UHW declined to pursue

20   Plaintiff's claim.  See id., at 15:22-17:11 & 24:8-25.

21

22   _____

23   [3] At the Court's hearing on Defendants' motion to dismiss the FAC, the Court directly gave
     Plaintiff numerous opportunities to cite any examples of legal prejudice she had suffered.  See
24   Transcript of Proceedings, November 9, 2012, at ECF No. 78, at 12:8-14:20, 20:24-21:9 & 22:22-
     24:9.

25   [4] The Court *sua sponte* takes judicial notice of what Mr. Gottesman did and did not say from the
     certified transcript of the hearing.  See Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.,
26   498 F.3d 1031, 1039 n.2 (9th Cir. 2007); Fed. R. Evid. 201(b)(2) & 201(c)(2).  The Court does not
     assume the truth of any factual assertions or legal arguments made at the hearing, but merely takes
27   notice of what was said.  See, e.g., Belodoff v. Netlist, Inc., 2008 WL 2356699, at *4 (C.D.Cal.
     May 30, 2008); cf. Lee v. City of Los Angeles, 250 F.3d 668, 690.  "A court may . . . consider . . .
28   matters of judicial notice[] without converting the motion to dismiss into a motion for summary
     judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

United States District Court
Northern District of California

1    The SAC fails to state a claim against Defendant UHW for breach of the duty of fair

2  representation.

3  **IV.    TPMG'S MOTION TO DISMISS**

4  **A.    Breach of Contract**

5    Plaintiff alleges that Defendant TPMG breached its contractual duties by terminating her

6  without just cause.  10:28-12:18.  Defendant TPMG moves to dismiss this claim, on the ground

7  that it is pre-empted by the LMRA, and that therefore Plaintiff may not bring the claim without

8  exhausting dispute resolution measures through her union or establishing that her union breached

9  its duty of fair representation.  Defendant TPMG's Motion to Dismiss ("TPMG Mot."), at 11:2.

10    Where resolution of a breach of contract claim between an employer and a union is

11  governed by the terms of a collective bargaining agreement, the claim is governed by Section 301

12  of the LMRA.  <u>Valles v. Ivy Hill Corp.</u>, 410 F.3d 1071, 1075 (9th Cir. 2005).  Plaintiff's

13  allegations of breach of contract are based upon elements of the collective bargaining agreement.

14  SAC, at 10:28-11:28.  A plaintiff bringing such a claim must exhaust mandatory dispute resolution

15  procedures before initiating a lawsuit, unless the plaintiff can show that the union has breached its

16  duty of fair representation.  <u>Vaca</u>, 386 U.S. at 184.

17    Plaintiff's breach of contract claim against Defendant TPMG, and her claim against

18  Defendant UHW, are "inextricably interdependent."  <u>DelCostello v. Int'l Brotherhood of</u>

19  <u>Teamsters</u>, 462 U.S. 151, 164 (1983).  Since, as discussed *supra*, the SAC to fails to state a claim

20  that Defendant UHW has breached its duty, Plaintiff cannot pursue a breach of contract action

21  against Defendant TPMG unless she demonstrates that she has exhausted mandatory dispute

22  resolution remedies through her union.

23    However, the SAC indicates that Plaintiff has now exhausted those remedies.  In its motion

24  to dismiss Plaintiff's Removed Complaint, TPMG pointed to Plaintiff's ongoing grievance and

25  arbitration proceedings as proof that Plaintiff's breach of contract claim was unripe.  <u>See</u> ECF No.

26  13, at 2:15-17; 3:14-22; 7:14-25.  In granting TPMG's motion to dismiss, this Court noted these

27  processes, which were still pending at the time of Plaintiff filed the Removed Complaint.  <u>See</u>

28  ECF No. 27, at 3:18-25.  But those procedures have now ended.  The union withdrew Plaintiff's

United States District Court
Northern District of California

1    grievance on April 24, 2012.  SAC, at 59:14-22 & at p.20.

2          To be clear, the Court does not now decide that Plaintiff has actually exhausted her dispute

3    resolution procedures, only that she has alleged facts which plausibly suggest that she has.

4    Therefore, it is inappropriate to dismiss this claim on the grounds that TPMG moves to do so.

5    **B.      Americans with Disabilities Act**

6          Plaintiff, who states that she has "type 1 diabetes, high blood pressure, and gastric peresis,"

7    alleges that Defendant TPMG discriminated against her due to her disability.  SAC, 10:1-7.

8    Defendant TPMG moves to dismiss on the ground that Plaintiff has failed to exhaust

9    administrative remedies.  TPMG Mot., ECF No. 65, 9:14-15.

10          Individuals who file civil actions under the ADA are required to exhaust administrative

11   requirements before initiating a lawsuit.  42 U.S.C. § 12117(a); 42 U.S.C. §§ 2000e-5(f)(1) & (g).

12   In particular, a litigant must file a timely administrative claim with the Equal Employment

13   Opportunity Commission (EEOC).  42 U.S.C. § 12117(a).  In order for the administrative claim to

14   be timely, it must be filed within 300 days of the occurrence of the ADA violation alleged.  Id.

15          Since any ADA violation must have occurred on or before Plaintiff was terminated in

16   August 2009, Plaintiff was required to file her claim with the EEOC before late 2010.  Plaintiff

17   does not allege in the SAC that she filed any such claim.

18          In the SAC, Plaintiff appears to suggest that it might be appropriate to apply equitable

19   tolling to allow her to avoid the statute of limitations.  SAC, at 13:19-26.  "However, equitable

20   remedies are unavailable in federal court when the record shows that no administrative filing was

21   ever made."  Sommatino v. United States, 255 F.3d 704, 710 (9th Cir. 2001).  Any equitable

22   tolling arguments must first be presented to the administrative agency.  Ross v. United States

23   Postal Service, 696 F.2d 720, 722 (9th Cir. 1983).

24          Therefore, if Plaintiff did not file a claim with the EEOC within 300 days of the alleged

25   ADA violation, she cannot pursue her ADA claim.

26   **C.      Negligence**

27          The SAC contains very little discussion of Plaintiff's negligence claim against Defendant

28   TPMG, beyond alleging that Defendant's conduct has caused her harm.  SAC, at 12:21-13:3.

United States District Court
Northern District of California

This type of "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in a complaint.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (citing Twombly, 550 U.S. at 556 (2007).  In any case, negligence claims which depend upon the interpretation of a collective bargaining agreement are also pre-empted by Section 301 of the LMRA.  See Valles v. Ivy Hill Corp., 410 F.3d at 1075 (9th Cir. 2005); Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007).

**V.      CONCLUSION**

The Court hereby GRANTS Defendant UHW's motion to dismiss Plaintiff's claim for breach of the duty of fair representation.  The Court hereby GRANTS IN PART and DENIES IN PART Defendant TPMG's motion to dismiss the claims against it.  Plaintiff's ADA claim and her negligence claim against TPMG are DISMISSED, but her claim for breach of contract survives.

Because of the unusually relaxed standard for dismissing *pro se* submissions, dismissal is WITHOUT PREJUDICE.   Plaintiff is ordered to file a third amended complaint within thirty days of this order.  Failure to file the third amended complaint in a timely manner may result in dismissal with prejudice.  The third amended complaint must either delete all references to the dismissed claims, or plead additional facts sufficient to overcome the deficiencies identified in this order.   However, Plaintiff may only re-assert her ADA claim if she alleges that she has filed a claim with the EEOC within the required timeframe.   The court is unlikely to grant further relief to amend.

**IT IS SO ORDERED**.

Dated:  April 29, 2013

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

9