UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADIAH S. THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>PERMANENTE MEDICAL GROUP, INC, et al.,<br><br>    Defendants. | Case No. 12-cv-01301-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: ECF Nos. 84 & 87. |

## I. INTRODUCTION

Defendants the Permanente Medical Group ("TPMG") and SEIU, United Healthcare Workers - West ("UHW") have both filed motions to dismiss the Third Amended Complaint ("TAC") filed against them by Plaintiff Radiah Thompson ("Plaintiff"), who is proceeding *pro se*. After considering the papers, and good cause appearing, the Court hereby GRANTS both motions. Plaintiff's complaint is DISMISSED WITH PREJUDICE, and she may not file a further amended complaint.

## II. BACKGROUND

### A. Factual Background

The TAC does not contain a clear description of the facts underlying Plaintiff's cause of action. Bearing in mind its obligation to liberally construe *pro se* complaints, however, the Court will proceed as though Plaintiff is relying on the factual allegations in her previous complaints.

Plaintiff was an employee of Defendant TPMG from August 28, 1999 to August 28, 2009, and, as required by her employment, a member of Defendant UHW. Second Amended Complaint ("SAC"), ECF No. 59, at 4:6. Plaintiff was terminated from her employment on September 11, 2009, after having been suspended pending an investigation of her having committed "HR

1  compliance violation and workflow infractions" in violation of "Appointment and Advice Call
2  Center usage policy." Id. at 4:18-5:3. Defendant pursued a grievance action regarding her
3  termination, which UHW "found merit" in, and pursued an arbitration action on Plaintiff's behalf
4  regarding her termination. Exhibit 1 to SAC, pp. 17-18. On January 14, 2010, Plaintiff was
5  advised by e-mail that her grievance was going to arbitration. Id. at 5:4-6. Thereafter, Plaintiff
6  experienced difficulty communicating with representatives of UHW, and could not reach the
7  UHW representatives to which she had been referred. Id. at 5:7-11, 5:26-6:3, & 6:24. As late as
8  April 6, 2012, Plaintiff's grievance was scheduled for arbitration in May 2012. SAC, at p.19.
9  However, on April 24, 2012, Defendant UHW withdrew Plaintiff's grievance. SAC, at p. 20.

10  The TAC also states that UHW failed to send materials regarding her grievance process to
11  her at the correct address, continued with court proceedings after being aware of her grievance
12  termination, and misrepresented various facts to the National Labor Relations Board ("NLRB").
13  TAC, at 5:24-26; 6:10-18; 7:4-11; 9:19-10:1. Plaintiff alleges that UHW's reasons for abandoning
14  her grievance were without merit. Id., at 10:2-15.

15  **B.      Procedural History**

16  Plaintiff filed a complaint against Defendant TPMG in Solano County Superior Court in
17  January 2012, and filed an amended complaint ("the Removed Complaint") on February 6, 2012.
18  ECF No. 1. Defendant TPMG removed the case to federal court on March 15, 2012. Id.

19  The Court granted Defendant TPMG's motion to dismiss the Removed Complaint in May
20  2012, after concluding that Plaintiff was required to exhaust the dispute resolution remedies of her
21  union's collective bargaining agreement before bringing a claim against TPMG. ECF No. 27. In
22  July, Plaintiff filed a First Amended Complaint ("FAC"), adding UHW as Defendant. ECF No.
23  32. The Court granted both Defendants' separate motions to dismiss, on October 3 and December
24  3 because, *inter alia*, Plaintiff failed to allege facts sufficient to state a claim that Defendant UHW
25  had breached its duty of fair representation. ECF Nos. 48 & 55. In its Order granting UHW's
26  motion to dismiss, the Court gave Plaintiff until December 31, 2012 to file an amended complaint,
27  but warned Plaintiff that "the Court [would] not [be] inclined to grant any further leave to amend."
28  ECF No. 55, at 13:3.

When Plaintiff did not file an amended complaint as ordered, the Court issued judgment in favor of Defendants on January 8, 2013. ECF No. 56. However, on January 15, 2013, after Plaintiff objected that she had not received the Court's dismissal order, the Court vacated its January 8th Order and provided Plaintiff another opportunity to file an amended complaint by February 15, 2013. ECF No. 57. On February 15, Plaintiff filed a Second Amended Complaint. ECF No. 59. Defendants filed separate motions to dismiss. ECF Nos. 62 & 65. After again finding that Plaintiff had not alleged facts sufficient to state a claim for breach of the duty of fair representation, the Court granted in part and denied in part Defendants' motion to dismiss, and ordered Plaintiff to file another amended complaint within thirty days. ECF No. 79. The Court again noted that it was unlikely to grant further relief to amend.

Plaintiff filed her third amended complaint on May 24. ECF No. 83. Defendants both filed separate motions to dismiss, which the Court now considers. ECF Nos. 84 & 87. The motion was noticed for hearing on July 18, 2013, but Plaintiff neither filed opposition papers nor appeared at the hearing, and the Court therefore took the matter under submission without hearing argument. Eight days after the hearing date, Plaintiff filed a submission in which she states that she has "been unable to make court dates and deadlines" due to her "chronic ongoing conditions which have been worsened by homelessness and stress." ECF No. 92. Plaintiff asked the Court to accept her submission, and to re-schedule the hearing. Id.[1]

**C.   Legal Standard**

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Dismissal is also proper where the

---

[1] Despite the risk of prejudice to the Defendants caused by Plaintiff making this late, unrebutted, filing, the Court did consider Plaintiff's latest submission before issuing this ruling. The submission presents no new arguments why the complaint should not be dismissed. The Court will not re-schedule the hearing. This is the second hearing Plaintiff has missed. See Civil Minutes, ECF No. 77. It is also the second time she failed to file papers by a Court deadline; the Court already once before vacated a judgment in Defendants' favor to accommodate her. ECF No. 57. Plaintiff did previously appear before this Court on two occasions to explain the factual basis of her suit. See Civil Minutes, ECF Nos. 26 & 54. In any case, the Court finds that, pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), oral argument is unnecessary to resolve the motion.

1   complaint alleges facts that demonstrate that the complaint is barred as a matter of law. See

2   Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); Jablon v. Dean Witter &

3   Co., 614 F.2d 677, 682 (9th Cir. 1980).

4       For purposes of a motion to dismiss, "all allegations of material fact are taken as true and

5   construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80

6   F.3d 336, 337-38 (9th Cir. 1996). However, "[w]hile a complaint attacked by a Rule 12(b)(6)

7   motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

8   'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

9   formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly,

10  550 U.S. 544, 555 (2007). "To be entitled to the presumption of truth, allegations in a complaint

11  or counterclaim may not simply recite the elements of a cause of action, but must contain

12  sufficient allegations of underlying facts to give fair notice and to enable the opposing party to

13  defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) cert. denied, 132 S.

14  Ct. 2101 (U.S. 2012). "The factual allegations that are taken as true must plausibly suggest an

15  entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the

16  expense of discovery and continued litigation." Id. To survive a motion to dismiss, a pleading

17  must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" to

18  support the allegations. Twombly, 550 U.S. at 556.

19      A *pro se* complaint will be liberally construed and held to less stringent standards than

20  formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). A *pro se*

21  complaint will be dismissed only if it appears "beyond a reasonable doubt that the plaintiff can

22  prove no set of facts in support of his claim which would entitle him to relief." Pena v. Gardner,

23  967 F.2d 469, 471 (9th Cir. 1992) (internal citations omitted); see also Hebbe v. Pliler, 627 F.3d

24  338, 342 (9th Cir. 2010) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027, n.1 (9th Cir. 1985) (en

25  banc)) ("our 'obligation' remains, 'where the petitioner is *pro se* . . . to construe the pleadings

26  liberally and to afford the petitioner the benefit of any doubt"). However, the Court may not

27  "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the

28  Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Ghazali v. Moran, 46 F.3d 52, 54 (9th

4

Cir. 1995) (per curiam) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure").

### D. Jurisdiction

Section 301 of the Labor Management Relations Act ("LMRA") grants federal district courts original jurisdiction over claims for violations of contracts between an employer and a union. 28 U.S.C. § 185(a). Resolving this claim requires an interpretation of a collective bargaining agreement. See Associated Builders & Contrs. v. Local 301 IBEW, 109 F.3d 1353, 1356 (9th Cir. 1997). Therefore, since this case is founded on a claim arising under federal law, jurisdiction is proper under 28 U.S.C. § 1331.

## II. ANALYSIS

### A. Breach of Contract/Breach of the Duty of Fair Representation

The gravamen of Plaintiff's current complaint, like those that preceded it, is that Defendant TPMG terminated her employment in breach of her contract, and that Defendant UHW failed to fairly represent her in contesting that termination. Since Plaintiff's employment contract with TPMG was a collective bargaining agreement, this is a "hybrid" claim arising under of Section 301 of the LMRA. See TAC, at 4:15-18 & Exh. 1 (citing the arbitration procedures of the collective bargaining agreement). In DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151 (1983) (most internal citations omitted), the Supreme Court articulated the standard for such claims:

> It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement. Ordinarily, however, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. Subject to very limited judicial review, he will be bound by the result according to the finality provisions of the agreement. In Vaca and Hines, however, we recognized that this rule works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation. In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding. Vaca v. Sipes, 386 U.S. 171 (1967); Hines v. Anchor Motor Freight, 424 U.S. 554 (1976). Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a

> breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. "Yet the two claims are inextricably interdependent. 'To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.'" United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 66-67 (1981) (Stewart, J., concurring in the judgment), quoting Hines, 424 U.S., at 570-571. The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.

Id. at 163-65.

"In order for a plaintiff to prevail in a hybrid action, a meritorious claim must be established against the employer for violating some right of the employee and the union for breach of its duty of fair representation." Mojdeska, et al., Fed. Lab. Law: NLRB Prac. § 14:9. "The claim against the union is interconnected with the claim against the employer in the sense that neither is viable if the other fails." Id. Plaintiff cannot succeed on her claims against either Defendant without proving that Defendant UHW breached its duty of fair representation.

Under the LMRA, "as the exclusive bargaining representative of the workers, the union 'has a duty to exercise [its] power in their interest and behalf.'" Simo v. Union of Needletrades, Indus. & Textile Employees, Sw. Dist. Council, 322 F.3d 602, 611 (9th Cir. 2003) (quoting Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 74 (1991)) (internal quotations omitted). "A union breaches its duty of fair representation when it acts in a way that is 'arbitrary, discriminatory, or in bad faith.'" Vaca v. Sipes, 386 U.S. 171, 190 (1967). Mere negligence on the part of the union does not constitute a breach of duty. Peterson v. Kennedy, 771 F.2d 1244, 1253 (9th Cir. 1985). A union's actions may constitute arbitrary conduct if it simply ignores a meritorious claim or gives it only perfunctory handling, if it fails to conduct even a minimal investigation of a grievance, or if its actions evince "reckless disregard" for the rights of the employee. Peterson, 771 F.2d at 1254.

The TAC, like the two complaints that preceded it, fails to allege facts sufficient to state a claim that UHW breached the duty of fair representation. Most of the allegations demonstrate, at most, that UHW representatives sometimes failed to communicate with Plaintiff during the grievance process, gave her arguably poor advice, and eventually abandoned Plaintiff's claim after initially finding it to be meritorious. See TAC, at 7:1-12; 9:1-5; 9:19-10:15. Essentially the same

facts were in Plaintiff's previous complaints, which the Court dismissed and granted Plaintiff leave to amend in the event that she was able to assert additional facts. For the same reasons discussed in the Court's previous dismissals, the factual allegations in the TAC are insufficient to establish a claim that UHW breached its duty of fair representation. See ECF No. 55, at 8:16-12:20; ECF No. 79, at 5:11-7:2. A union has wide discretion in deciding whether to pursue a grievance complaint, and is not required to pursue it to the end of the procedure. See Peterson, 771 F.2d at 1253; see also Local 13, Int'l. Longshoremen's & Warehousemen's Union v. Pac. Mar. Ass'n, 441 F.2d 1061, 1096 n. 11 (9th Cir. 1971).

The only possibly new factual allegations that have been added to the TAC are allegations regarding UHW's having made false representations to the NLRB. TAC, at 5:24-6:28. These allegations are somewhat unclear, but even assuming they are true, they do nothing to establish that UHW breached its duty to fairly represent her in her grievance proceeding.

The TAC also invokes the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, California Higher Education Employer-Employee Relations Act ("HEERA"), Cal. Gov. Code § 3571, and Section 1102.5 ("Section 1102.5") of the California Labor Code. TAC, at 4:7, 5:8, 5:20. The Court did not grant Plaintiff leave to file new statutory causes of action for the first time in this, her fourth complaint. In any case, HEERA and Section 1102.5 plainly do not apply, since the former statute applies to "public institutions of higher learning," Cal. Gov. Code § 3560(a), and the latter protects workers from retaliation for disclosing information to governments or law enforcement agencies. As for the FAA, none of its provisions specifically require a union to proceed to arbitration based on the facts alleged in the complaint.

**B.   Intentional and Negligent Infliction of Emotional Distress**

In the TAC, Plaintiff alleges a new claim for "Intentional Negligent infliction of Emotional Distress," at 8:24-25, which the Court liberally construes as two separate tort claims: Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress. Plaintiff did not have leave to add these new claims, and the Court will therefore dismiss them. Fed. R. Civ. P. 15(a)(2).

Defendant TPMG urges the Court also to hold that these tort claims are preempted by

LMRA section 301, on the grounds that the claims require interpretation or application of the collective bargaining agreement.  Cook v. Lindsay Olive Growers, 911 F.2d 233, 239 (9th Cir. Cal. 1990).  The Ninth Circuit has also explicitly recognized, however, that a claim is not preempted by Section 301 if it merely requires reference to, as opposed to interpretation of, the provisions of a CBA.  Beals v. Kiewit Pacific Co., Inc., 114 F.3d 892, 895 (9th Cir.1997).  "The LMRA does not, however, preempt the application of a state law remedy when the factual inquiry [under the state law] does not turn on the meaning of any provision of a collective bargaining agreement.  Thus, claims that only 'tangentially involv[e]' a provision of a collective-bargaining agreement are not preempted by section 301 . . . .  Nor are causes of action which assert 'nonnegotiable state-law rights . . . independent of any right established by contract.'"  McGowen v. Nestle Food Co., 2007 WL 173768 (E.D. Cal. Jan. 19, 2007) (ellipses in original, citations and footnotes omitted).

It is possible that Plaintiff's claims for intentional and negligent infliction of emotional distress are preempted by section 301, but the record before the Court does not permit the Court to conduct the inquiry required by the foregoing authorities.  Accordingly, and because the Court will dismiss these claims for independent reasons as set forth above, the Court will not reach Defendant's preemption argument.

**C.    Dismissal with Prejudice**

While dismissal is normally without prejudice, a court may dismiss without granting leave to amend after considering the factors of "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  "The fourth and fifth factors, futility and prior amendment" can be dispositive when a plaintiff's amendment adds nothing to the original complaint.  Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, N. Dakota & S. Dakota v. United States, 90 F.3d 351, 356 (9th Cir. 1996).  "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."  Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

This is Plaintiff's fourth complaint.  She has been given three separate opportunities to

amend, and has yet to allege facts sufficient to state a claim. The Court twice warned her that further leave to amend would not be granted. In response to each dismissal, Plaintiff has offered different legal theories but has yet to allege facts that state a claim. "[A] district court does not 'abuse its discretion in denying a motion to amend a complaint . . . when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop his contentions originally.'" Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990) (quoting Vincent v. Trend Western Technical Corp., 828 F.2d 563, 570-71 (9th Cir. 1987).

The Court is mindful of the high standard for construing and dismissing complaints by *pro se* litigants. "[B]efore dismissing a *pro se* complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In this case, the Court has carefully explained the deficiencies to Plaintiff three separate times. The Court referred Plaintiff to assistance for *pro se* litigants, and even vacated a judgment issued in favor of defendants to provide an additional opportunity for Plaintiff to file an amended complaint. See ECF Nos. 48-1 & 57. At this point, the Court concludes that it would be futile to permit further amendment.

### III. CONCLUSION

Plaintiff's complaint is DISMISSED WITH PREJUDICE. Plaintiff may not file another amended complaint. Within seven days from the date of this order, Defendants shall jointly file a proposed order of judgment.

**IT IS SO ORDERED**.

Dated: July 29, 2013



_____
JON S. TIGAR
United States District Judge